No. 846

### HURON TELEPHONE CO. v. DEYO

Ohio Appeals, 6th Dist., Erie Co.

No. 214.　Decided Sept. 25, 1925

465.　ERROR—Value of rental of property, raised in error proceedings, immaterial when plaintiff-in-error is not prejudicially affected thereby.

YOUNG, J.

The Telephone Co. brought its action against Clifford Deyo in the Erie Common Pleas to recover $506.21, being an amount with interest claimed to be for telephone service from 1916 to 1922. Deyo filed an answer and cross-petition setting up a claim of $600 for use and occupation of his premises by the Telephone Co., such use and occupation consisting of telephone poles erected on said premises and the storage of other poles by the company.

It was set forth in the cross-petition that the parties had entered into an agreement whereby Deyo was to have use and services of the telephone system in exchange for use and occupation of his premises by the company in erection and storage of its poles. The jury found in favor of Deyo in the matters set forth in the Company's petition; and for the Company in the matters set forth in Deyo's cross petition, also finding nothing due Deyo on his counterclaim.

Error was prosecuted and it was contended by the Company that the jury failed to make a finding upon the answer of Deyo, and that the verdict is not based upon a proper rental value of the property in question. Deyo contended that the record was incomplete. The Court of Appeals held:

1. Though the form of the verdict is not in accordance with the rule in cases where a finding is had upon both the petition and the answer and cross-petition, the evidence shows that Deyo conceded that the allegations set up in the petition were true; so that the correct form of verdict of the jury should have been a finding in favor of the plaintiff on the allegations of the petition and then a finding on the cross-petition.

2. The issues hinged on questions of fact which were for the jury, who were in a position to judge of the alleged transactions as testified to by the witnesses.

3. The certificate of the bill of exceptions recites that "the foregoing, - - - is all the testimony and evidence offered by either party and - - - - offered on the trial of the case." From this certification it would appear that the record was as complete as it could have been.

4. In reference to the verdict not being based upon a proper rental value of the property in question, this is immaterial because the verdict of the jury specifically finds in favor of the Company upon the cross-petition and therefore cannot be prejudicial to the company's rights.

Judgment affirmed.

Attorneys—C. M. Ray and J. H. Hertlein for Company; Claude J. Minor for Deyo; all of Sandusky.